## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Docket No. 2:19-cv-00341-NT |
| REGIONAL SCHOOL UNIT NO. 21, | ) |
| JILL LAMONTAGNE, JASON | ) |
| SULLIVAN, and BRUCE LEWIA, | ) |
| | ) |
|     Defendants. | ) |

### CONSENTED-TO MOTION TO STAY ALL DEADLINES

NOW COMES Plaintiff John Doe ("Plaintiff" or "Doe"), with the consent of Defendants Regional School Unit No. 21 ("RSU 21"), Jason Sullivan ("Sullivan"), Bruce Lewia (collectively, the "School Defendants"), and Jill Lamontagne ("Lamontagne" and, together with the School Defendants, the "Defendants"), and respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 16(b) and 26(c), to stay all deadlines in the above-captioned matter for good cause. This Motion is supported by the incorporated memorandum of law.

### Factual Background and Procedural History

1. On November 15, 2019, Plaintiff filed the Amended Complaint in the above-captioned action (Dkt. No. 27) (the "Complaint").

2. On December 4, 2019, Lamontagne filed her Answer and Affirmative Defenses to the Complaint (Dkt. No. 29) (the "Lamontagne Answer").

3. On July 6, 2020, the School Defendants filed their Answer and Affirmative Defenses to the Amended Complaint (Dkt. No. 39) (the "School Answer").

4. On July 7, 2020, this Court issued a Scheduling Order in compliance with Federal Rule of Civil Procedure 26(f) (Dkt. No. 40) which set out the Parties' agreed-to discovery plan, which was amended by Order dated September 14, 2020 (Dkt. No. 47) (the "Scheduling Order").

5. Plaintiff seeks a stay of discovery in this matter because of health issues that Plaintiff is currently addressing.

6. As a result, Plaintiff, with the consent of Defendants, requests that all outstanding deadlines under the Scheduling Order be extended for sixty (60) days from their current dates.

7. Neither the Parties, the Court, nor the public would be prejudiced by the granting of this motion.

8. Counsel for the School Defendants consents to the relief requested in this motion.

9. Counsel for Defendant Jill Lamontagne consents to the relief requested in this motion.

## Discussion

Federal Rule of Civil Procedure 26 provides that:

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1). A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Rule 26 provides a non-exhaustive list of eight examples where a court can limit discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. S*ee* Fed. R. Civ. P. 26(c)(1)(A)-(1)(H); *Springfield Twp. v. Kuss*, No. CIV. A. 93-1629, 1993 WL 430421, at *1 (E.D. Pa. Oct. 21, 1993); s*ee also Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp.*, No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007); *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). However, "a court is not limited to the eight specified types of orders . . . . [It] may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." 8A Alan Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. § 2036 (3d ed.). Moreover, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Additionally, Rule 16(b) states that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), This Court has previously held:

> When . . . a party files a motion to enlarge a deadline prior to that deadline's expiration, the party must show "good cause" for the requested enlargement. *See* Fed. R. Civ. P. 6(b)(1)(A) & 16(b)(4). Rule 16(b)'s good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.

*Gemini Ins. Co. v. Branch River Plastics, Inc.*, 2016 WL 4179866, at *2 (D. Me. Aug. 4, 2016) (citing *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004)). The *Gemini* Court goes on to find that the parties in that matter had "diligently pursued varying forms of relief aimed at addressing" the underlying discovery concern. *Id*. Additionally, this Court found in *Gemini* that

there was no appreciable prejudice to the party opposing the extension of time—despite the opposing party's assertion that such an extension would require it "to wait for a lengthy, undetermined period of time for [the] resolution" of the dispute. *Id*.

In this case, Plaintiff seeks a stay of discovery under the Scheduling Order's timeline because of health issues. Furthermore, the requested stay presents no potential prejudice to Plaintiff, who is requesting the stay. As indicated below, Defendants consent to the request. The stay would cause no inconvenience for the Court, as civil jury trials in Portland are currently being delayed due to the COVID-19 pandemic until at least February 2021 and the additional discovery time would allow the Court to address the undoubtedly large backlog of cases prior to the trial in this matter. *See* General Order 2020-14, *amended* October 6, 2020. Likewise, there is no prejudice to the interests of any persons not parties to this litigation or the public interest, as the Plaintiff is proceeding under a pseudonym limiting any interest or effect on non-parties or the public at large.

As a result, good cause exists under Rules 16(b) and 26(c) for this Court to stay discovery by continuing all outstanding deadlines under the current Scheduling Order by sixty (60) days.

**Conclusion**

WHEREFORE, Plaintiff, with the consent of Defendants, respectfully requests that the Court extend all outstanding deadlines in this matter for sixty (60) days from their current date.

                                        JOHN DOE

                                        By his attorneys,

DATED: November 16, 2020        /s/ Seth W. Brewster
                                              Seth W. Brewster, Esq., Bar No. 3741
                                              Micah A. Smart, Esq., Bar No. 5771
                                              Counsel for Plaintiff John Doe

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME  04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
msmart@eatonpeabody.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the parties registered with the CM/ECF system.


Dated:  November 16, 2020                    /s/ Seth W. Brewster
                                             Seth W. Brewster